PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
JUN 2 4 2005

DOCKET NUMBER (Tran. Court)
00-CR-44-01-B

DOCKET NUMBER (Rec. Court)
05-30029

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Charles L. Barr<br>248 Amherst Rd., #310<br>Sunderland, MA 01375 | DISTRICT OF NEW HAMPSHIRE | |
| | NAME OF SENTENCING JUDGE | |
| | Hon. Paul J. Barbadoro | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>March 23, 2004 | TO<br>March 22, 2006 |

**OFFENSE**

Unlawful Possession of a Firearm by a Drug User, in violation of 18 U.S.C. § 922(g)(3).

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

  IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Massachusetts upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

5-17-05
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

  IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

5-26-05
Effective Date

_____
United States District Judge

Certified to be a true copy
James R. Starr, Clerk
by _____
Deputy Clerk

AO 245B (Rev. 03/01) Judgment in a Criminal Case - Sheet 1

# United States District Court
## District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2004 MAR 25 A 10: 57

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**CHARLES L. BARR** | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1937)<br><br>Case Number: **CR. 03-144-01-B**<br><br>John Pendleton, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  pleaded guilty to count(s): **1 of the Indictment**.
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §922(g)(3) | Unlawful possession of a firearm by a drug user | 07/28/2003 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).

[ ]  Count(s) dismissed on motion of the United States: ___.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

03/232004
Date of Imposition of Judgment

Signature of Judicial Officer

Certified to be a true copy
James R. Starr, Clerk
By: /s/ [Deputy Clerk signature]
Deputy Clerk

**PAUL BARBADORO**
Chief Judge
Name & Title of Judicial Officer

3-25-04
Date

AO 245B (Rev. 03/01) Judgment in a Criminal Case - Sheet 4 - Probation

CASE NUMBER: **CR. 03-144-01-B**     Judgment - Page 2 of 5
DEFENDANT: **CHARLES L. BARR**

# PROBATION

The defendant is hereby placed on probation for a term of **2 years**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 03/01) Judgment in a Criminal Case - Sheet 4 - Probation

CASE NUMBER:      CR. 03-144-01-B                                              Judgment - Page 3 of 5
DEFENDANT:        CHARLES L. BARR

# SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

The defendant shall participate in a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

The defendant shall be placed on home detention for a period of 6 months, to commence 14 days from the date of this judgment. During this time, The defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Office. The defendant shall pay for the cost of electronic monitoring to the extent he is able as determined by the probation officer.

The defendant shall submit his person, residence, office, or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of release may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

AO 245B (Rev. 03/01) Judgment in a Criminal Case - Sheet 5 Criminal Monetary Penalties

CASE NUMBER: **CR. 03-144-01-B**  Judgment - Page 4 of 5
DEFENDANT: **CHARLES L. BARR**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | | |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| TOTALS: | | | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $_____

[ ] The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  [ ] The interest requirement is waived for the   [ ] fine   [ ] restitution.

  [ ] The interest requirement for the   [ ] fine and/or   [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 03/01) Judgment in a Criminal Case - Sheet 5  Criminal  Monetary Penalties

| CASE NUMBER: | CR. 03-144-01-B | Judgment - Page 5 of 5 |
|---|---|---|
| DEFENDANT: | **CHARLES L. BARR** | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [✔] Lump sum payment of $100.00 due immediately, balance due

    [ ] not later than _, or
    [ ] in accordance with  [] C,  [] D, or [] E  below;  or

B  [ ]  Payment to begin immediately (may be combined with  [] C,  [] D,  or [] E  below); or

C  [ ]  Payment in _ installments of $_ over a period of _, to commence _ days after the date of this judgment; or

D  [ ]  Payment in _ installments of $_ over a period of _ , to commence _ days after release from imprisonment to a term of supervision; or

E  []  Special instructions regarding the payment of criminal monetary penalties:

Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301.  Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court.  Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court  the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | CRIMINAL NO. 03-144-01-B |
|---|---|
| Plaintiff | |
| v. | |
| CHARLES BARR | |
| Defendant | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Thomas P. Colantuono, United States Attorney for the District of New Hampshire, and Assistant United States Attorney Aixa Maldonado-Quiñones, and the defendant Charles Barr, and his attorney John T. Pendleton, Esq. enter into the following Plea Agreement:

1. **The Plea**

The defendant, Charles Barr, agrees to plead guilty to Count One of the pending Indictment. Count One of the pending Indictment charges the defendant with, on or about July 28, 2003, then being an unlawful user of a controlled substance, that is, Methamphetamine, a Schedule II Narcotic Drug Controlled Substance, knowingly possessing in and affecting commerce, ammunition and a firearm, to wit: a .38 caliber Taurus 5-shot revolver, bearing serial number Serial Number H118558, which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(3).

2. **The Statute and Elements of the Offense**

The defendant understands that Count One of the pending Indictment, to which he is pleading guilty, has the following elements, each of which the Government would have to prove beyond a reasonable doubt at trial:

*First*      That the defendant was an unlawful user of a controlled

CLOSED

# U.S. District Court
# District of New Hampshire (Concord)
# CRIMINAL DOCKET FOR CASE #: 1:03-cr-00144-PB-ALL

# U.S. District Court
## District of New Hampshire (Concord)
## CRIMINAL DOCKET FOR CASE #: 1:03-cr-00144-PB-ALL

Case title: USA v. Barr                          Date Filed: 08/06/2003

Assigned to: Judge Paul
Barbadoro

### Defendant

**Charles L. Barr** (1)             represented by   **John T. Pendleton**
*TERMINATED: 03/25/2004*                             Dwyer Donovan & Pendleton
                                                     461 Middle St
                                                     Portsmouth, NH 03802
                                                     603 433-7040
                                                     *TERMINATED: 03/25/2004*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: CJA Appointment*

### Pending Counts                                   ### Disposition

                                                     2 years Probation w/special
                                                     conditions of: drug treatment,
18:922(g)(3) Unlawful                                no alcohol,pay if able, 6 months
possession of a firearm                              home detention with electronic
(1)                                                  monitoring, submit to searches;
                                                     $100 special assessment due
                                                     immediately

### Highest Offense Level
### (Opening)

Felony



## Terminated Counts

None

## Disposition

## Highest Offense Level (Terminated)

None

## Complaints

None

## Disposition

**Plaintiff**

**USA**                          represented by   **Aixa Maldonado-Quinones**
                                                  US Attorney's Office (NH)
                                                  James C. Cleveland Federal
                                                  Building
                                                  53 Pleasant St, 4th Flr
                                                  Concord, NH 03301-0001
                                                  603 225-1552
                                                  Email:
                                                  aixa.maldonado@usdoj.gov
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2003 | 1 | INDICTMENT as to Charles L. Barr (1) count(s) 1 Added AUSA Aixa Maldonado-Quinones. (mm) (Entered: 08/07/2003) |
| 08/07/2003 | 2 | Praecipe for Summons as to Charles L. Barr (mm) (Entered: 08/07/2003) |
| 08/07/2003 |   | SUMMONS(ES) issued for Charles L. Barr . Arraignment set for 2:00 PM 8/11/03 for Charles L. |

| | | |
|---|---|---|
| | | Barr before Magistrate Judge James R. Muirhead (mm) Modified on 08/07/2003 (Entered: 08/07/2003) |
| 08/11/2003 | | Re Charles Barr: Initial Appearance/ARRAIGNMENT held . Plea of not guilty by Charles L. Barr (1) count(s) 1 before Magistrate Judge James R. Muirhead . Court Reporter/Tape #: B:264(6390-7048); financial Affidavit from 03-74M-01 transferred to this case and approved for appointment of counsel; Trial: 10/7/03 2 days; Collateral Receipt for Firearms surrendered transferred from 03-74M-01. Defendant released on conditions (jgb) (Entered: 08/11/2003) |
| 08/11/2003 | 4 | Collateral Receipt No. 119 issued as to Charles L. Barr from Charles Barr for Ruger 44 Magnum (transferred over from 03-74M-01) (jar) (Entered: 08/12/2003) |
| 08/11/2003 | 5 | CJA 20 for Charles L. Barr . Appointment of John T. Pendleton as court-appointed counsel for all proceedings . Review case for submission of final voucher by 2/7/04 for John T. Pendleton .(Signed by James R. Starr, Clerk) (jar) (Entered: 08/12/2003) |
| 08/11/2003 | 6 | ORDER Setting Conditions of Release as to Charles L. Barr Bond set to Personal Recognizance for Charles L. Barr with standard conditions ( Signed by Magistrate Judge James R. Muirhead ) (jar) (Entered: 08/12/2003) |
| 08/12/2003 | 3 | Summons Returned Unexecuted as to Charles L. Barr - deft appeared at the hearing, service unnecessary (jab) (Entered: 08/12/2003) |
| 08/12/2003 | | Re Charles Barr: TRIAL NOTICE: Final Pretrial Conference set for 4:00 9/29/03 for Charles L. Barr ; Jury Trial set for 2-week period beginning 10/7/03 for Charles L. Barr ( before Chief Judge Paul J. Barbadoro ) (jar) (Entered: 08/12/2003) |

| 08/27/2003 | 7 | MOTION by Charles L. Barr SEALED MOTION (mm) (Entered: 08/29/2003) |
|---|---|---|
| 08/28/2003 | | ENDORSED ORDER as to Charles L. Barr granting [7-1] motion SEALED MOTION as to Charles L. Barr (1) ( Entered by Chief Judge Paul J. Barbadoro ) (mm) (Entered: 08/29/2003) |
| 09/19/2003 | 8 | MOTION by Charles L. Barr for Continuance of Trial in Interests of Justice with assent. (mm) (Entered: 09/19/2003) |
| 09/23/2003 | 9 | ORDER as to Charles L. Barr granting [8-1] motion for Continuance of Trial in Interests of Justice Time Excluded from 11/18/03 to 12/2/03 as to Charles L. Barr (1), reset Jury Trial for 9:30 12/2/03 for Charles L. Barr , reset Final Pretrial Conference for 4:15 11/24/03 for Charles L. Barr ( Signed by Chief Judge Paul J. Barbadoro ) (mm) (Entered: 09/24/2003) |
| 09/30/2003 | 10 | WAIVER of Speedy Trial by Charles L. Barr (mm) (Entered: 09/30/2003) |
| 11/21/2003 | 11 | MOTION to Continue Trial by Charles L. Barr with assent. (mm, ) (Entered: 11/24/2003) |
| 11/24/2003 | 12 | **ORDER granting [11] Motion to Continue Trial in the interest of justice as to Charles L. Barr (1). Signed by Judge Paul Barbadoro. Final Pretrial Conference set for 12/22/2003 11:30 AM before Chief Judge Paul Barbadoro. Jury Selection/Trial set for two week period beginning 1/6/2003 09:30 AM before Chief Judge Paul Barbadoro. (mm, )** (Entered: 11/24/2003) |
| 12/03/2003 | 13 | WAIVER of Speedy Trial by Charles L. Barr. (mm, ) (Entered: 12/04/2003) |
| 12/18/2003 | | NOTICE OF HEARING as to Charles L. Barr : Change of Plea Hearing set for 12/22/2003 11:30 AM before Chief Judge Paul Barbadoro. (mm, ) (Entered: 12/18/2003) |

| 12/22/2003 |  | Minute Entry for proceedings held before Judge Paul Barbadoro :CHANGE OF PLEA HEARING held on 12/22/2003 as to Charles L. Barr (1) Guilty Count 1. Court accepts plea. (Court Reporter: C. Quimby) (Govt Atty: Mark Zuckerman US Probation: Cathy Battistelli) (Defts Atty: John Pendleton)(Total Hearing Time:.20) (mm, ) (Entered: 12/22/2003) |
|---|---|---|
| 12/22/2003 | 14 | PLEA AGREEMENT as to Charles L. Barr. (mm, ) (Entered: 12/22/2003) |
| 12/22/2003 |  | NOTICE OF HEARING as to Charles L. Barr : Sentencing set for 3/23/2004 02:30 PM before Chief Judge Paul Barbadoro. (mm, ) (Entered: 12/22/2003) |
| 03/03/2004 | 15 | SENTENCING MEMORANDUM by Charles L. Barr. (mm, ) (Entered: 03/03/2004) |
| 03/18/2004 | 16 | OBJECTION by USA as to Charles L. Barr re [15] Sentencing Memorandum. (mm, ) (Entered: 03/18/2004) |
| 03/22/2004 | 17 | MOTION for 5K Departure by USA as to Charles L. Barr with assent. (mm, ) (Entered: 03/22/2004) |
| 03/22/2004 | 18 | MOTION to Seal Document [17] MOTION for 5K Departure at Level I by USA as to Charles L. Barr with assent. (mm, ) (Entered: 03/22/2004) |
| 03/23/2004 |  | Minute Entry for proceedings held before Judge Paul Barbadoro :SENTENCING held on 3/23/2004 for Charles L. Barr (1) Sentenced on Count 1. (Court Reporter: S. Bailey) (Govt Atty: Aixa Maldonado-Quinones) (Defts Atty: John Pendleton) (USP: Sandra Karner)(Total Hearing Time:.15) (mm, ) (Entered: 03/23/2004) |
| 03/23/2004 |  | **Oral ORDER granting [17] Motion for 5K Departure as to Charles L. Barr (1); granting [18] Motion to Seal Document: [17] Motion for 5K Departure at Level I as to Charles L. Barr (1).By Judge Paul Barbadoro. Sealed Document deadline** |

| | | 8/6/2004. (mm, ) (Entered: 03/23/2004) |
|---|---|---|
| 03/25/2004 | 19 | **JUDGMENT as to Charles L. Barr (1), Count(s) 1, 2 years Probation w/special conditions of: drug treatment, no alcohol, pay if able, 6 months home detention with electronic monitoring, submit to searches; $100 special assessment due immediately Signed by Judge Paul Barbadoro. (mm, )** (Entered: 03/25/2004) |
| 03/25/2004 | | LEDGER Entry as to Charles L. Barr : special assessment paid in full, amount $100.00. Original ledger retained by financial division. (mm, ) (Entered: 03/25/2004) |
| 04/16/2004 | 21 | MOTION to Exceed maximum amount for legal services by Charles L. Barr (mm, ) (Entered: 04/19/2004) |
| 04/19/2004 | 20 | **CJA 21 as to Charles L. Barr : Authorization to Pay William T. McLaughlin, Investigator $157.31 for Expert Services. Signed by Judge Paul Barbadoro. (jeb, )** (Entered: 04/19/2004) |
| 04/22/2004 | | **ENDORSED ORDER granting [21] MOTION to Exceed maximuma amount of legal services as to Charles L. Barr (1).** *Text of Order: "Motion granted."* **Signed by Judge Paul Barbadoro. (jeb, )** (Entered: 04/22/2004) |
| 05/06/2004 | 22 | **CJA 20 as to Charles L. Barr : Authorization to Pay John T. Pendelton $5827.41 for CJA. Signed by Judge Paul Barbadoro and approved by CCA Judge Jeffrey R. Howard. (bc, )** (Entered: 05/06/2004) |
| 06/02/2005 | 23 | Probation Jurisdiction Transferred to District of Massachusetts as to Charles L. Barr. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (mm, ) (Entered: 06/03/2005) |